UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN KEVIN ROSS, et al.,<br><br>Defendants. | No. 2:21-cv-01208-KJM-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff proceeds pro se in this action seeking relief under 42 U.S.C. § 1983. This matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

Plaintiff has filed an application in support of a request to proceed in forma pauperis. (ECF No. 2.) The application makes the showing required by 28 U.S.C. § 1915. The request will be granted.

Plaintiff's complaint filed on July 9, 2021 is before the court for screening. Plaintiff has also filed a motion requesting to "stay off removal procedure" (ECF No. 3), a request to file electronically (ECF No. 4), and a motion requesting a hearing (ECF No. 5).

**I.     SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

## II.   ALLEGATIONS IN THE COMPLAINT

Plaintiff names as defendants the Department of Homeland Security ("DHS")/ Immigrations and Customs Enforcement ("ICE"), the Yuba County Sheriff's Department, Jonathan Kevin Ross, an attorney for the US Division Office of Immigration Litigation, and Heidi C. Morgan, a jail floor officer at the Yuba County jail. Plaintiff seeks to impose liability on each defendant under 42 U.S.C.§ 1983.

In March of 2020, plaintiff was an ICE detainee at Yuba County jail. Being claustrophobic, plaintiff expressed an inability to cope with her tiny cell but was ignored. Plaintiff was not given enough blankets and only had a view of the wall. Plaintiff was treated as a dangerous criminal and had to wear chains when leaving or returning to the cell.

Plaintiff attempted suicide and was moved to a suicide watch cell. While on suicide watch, she was observed by male officers even though she did not have her regular clothes or underwear and instead wore only a special garment that did not fully cover her body.

When plaintiff visited the law library, she found it difficult to communicate with the controller officers while in the law library. Plaintiff tried to avoid asking to go to the restroom and would stop drinking liquid two hours before leaving the dorm to visit the law library. This resulted in dehydration and needing to use the restroom in a panic.

On March 17, 2020, plaintiff had been nine or more hours without water and approximately seven hours without a restroom break when she left the law library. While escorting plaintiff from the law library to the dorm, Officer Morgan used both hands to strike plaintiff on the middle of the back several times and shoved her. Plaintiff sustained a back injury. Officer Morgan then filed a false report accusing plaintiff of disobeying a direct order and threatening Morgan. Plaintiff sought an investigation into this incident and received a response stating that part of her complaint was sustained.

Plaintiff alleges Officer Morgan used excessive force in violation of the Fourteenth Amendment. Plaintiff alleges the Yuba County Sheriff's Department, DHS and ICE were deliberately indifferent to her serious medical needs following the March 17, 2020 incident in that the agencies were aware of the situation and took no visible action to transfer plaintiff to another detention center until May 7, 2020. Plaintiff further alleges she was denied "mental health follow ups" and treatment for her health issue (brain cyst).

For relief, plaintiff requests that her "U visa" be granted due to the violent mistreatment to which she was subjected. Plaintiff also seeks a stay of her removal proceeding.

### III. PLEADING STANDARDS

When considering whether a complaint states a claim upon which relief can be granted, the court accepts the well-pleaded factual allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construes the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although the facts are accepted as true, a court need not indulge unwarranted inferences or legal conclusions. See Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).

In order to avoid dismissal, a claim must have facial plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. Twombly, 550 U.S. at 555-57 (2007); see also Iqbal, 556 U.S. at 678.

### IV. THE COMPLAINT FAILS TO STATE A CLAIM

#### A. The Court lacks Jurisdiction to Grant the Requested Relief

Title 8 U.S.C. section 1252(g) deprives this court of jurisdiction to grant plaintiff the requested relief. Enacted as part of the REAL ID Act of 2005, see Leiva v. Clark, 446 F. App'x 899, 900 (9th Cir. 2011), that section provides as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361

3

>     and 1651 of such title 8, no court shall have jurisdiction to hear any
>     cause or claim on behalf of any alien arising from any decision or
>     action by the Attorney General to commence proceedings, adjudicate
>     cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Dismissal of claims for which section 1252(g) strips subject matter jurisdiction must be with prejudice, because there is nothing petitioner could do to "rectify" the statutorily mandated lack of jurisdiction. See, e.g., Yongping Zhou v. Holder, No. CV 12-08508, 2013 WL 3923446, *4 n. 2 (C.D. Cal. July 26, 2013).

Title 8 U.S.C. section 1252(g) jurisdiction-stripping applies to discretionary decisions by the Attorney General to commence proceedings, to adjudicate cases, or to execute removal orders. INS v. St. Cyr, 533 U.S. 289, 312 n. 34 (2001); see also, e.g., Vilchiz–Soto v. Holder, 688 F.3d 642, 644 (9th Cir. 2012) (holding that 1252(g) barred jurisdiction over action challenging the denial of a motion to reopen removal proceedings and to reconsider denial of application to cancel removal). Plaintiff's challenge to the denial of a stay of removal is barred in this court by section 1252(g). See Id. Likewise, to the extent plaintiff seeks relief in the form of being granted a U–Visa, this suit does not authorize such relief. See Lee v. Holder, 599 F.3d 973, 975–76 (9th Cir. 2010) (holding that USCIS has "sole jurisdiction" over Plaintiff's claims of eligibility for a U–Visa pursuant to 8 C.F.R. § 214.14(c)(1)); Aguirre–Palacios v. Doe No. 1, No. No. 13-cv-3103, 2014 WL 584265, at *5 (S.D. Cal. Feb. 11, 2014) (the "Court's general federal question jurisdiction… does not extend so far as to confer further jurisdiction over questions of Plaintiff's eligibility for a U–Visa under 8 U.S.C. § 1101(a)(15)(U)").

### B.    No Cognizable Claim against the Federal Defendants

To plead a violation under 42 U.S.C. § 1983, a plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Federal officials do not ordinarily act under color of state law. Accordingly, constitutional violations by federal officials are generally beyond the reach of section 1983.

Under some circumstances, a suit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), may be brought against federal officials in their

individual capacities. Here, however, plaintiff seeks to name the Department of Homeland Security and the Immigration and Customs Enforcement Agency ("ICE"). Under the doctrine of sovereign immunity, a Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Cato v. United States, 70 F.3d 1103, 1110-11 (9th Cir. 1995).

Although sovereign immunity does not bar damages actions against federal officials in their individual capacities, Terrell v. Brewer, 935 F.2d 1015, 101 (9th Cir. 1991), the complaint fails to allege participation in any constitutional violation by defendant Johnathan Kevin Ross, who is alleged to be a trial attorney for the US Division Office of Immigration Litigation. Maintaining a Bivens claim requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). A defendant cannot be liable unless an affirmative link or connection exists between that defendant's actions and the claimed injury to plaintiff. May v. Enomoto, 633 F.2d 164, 167 n. 3 (9th Cir.1980); Johnson, 588 F.2d at 743. As the complaint fails to adequately link defendant Ross's actions to any alleged harms, a Bivens a claim against Ross is not cognizable.

    **C.**  **Excessive Force in Violation of Due Process (42 U.S.C. § 1983)**

Plaintiff alleges the events of March 17, 2020 involving Officer Morgan occurred while she was a detainee at Yuba County Jail in the custody of ICE. Constitutional questions regarding the conditions and circumstances of plaintiff's confinement are properly raised under the Due Process Clause of the Fourteenth Amendment. City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 77 (1983); Bell v. Wolfish, 441 U.S. 520, 535 (1979); Oregon Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). The due process rights of pretrial detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner" Revere, 463 U.S. at 244. Thus, while the Eighth Amendment provides a minimum standard of care for detainees, plaintiff's

rights while detained in custody are determined under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1197 (2001) (overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (2016)).

The constitution does not prohibit the use of reasonable force by officers. Tatum v. City & County of San Francisco, 441 F.3d 1090, 1095 (9th Cir.2006). Whether force used was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989); Tatum, 441 F.3d at 1095; Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). The proper inquiry balances the nature and quality of the intrusion against the countervailing governmental interests at stake. Graham, 490 U.S. at 396; Lolli, 351 F.3d at 415. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. .... "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Graham, 490 U.S. at 396 (citations omitted).

Here, although plaintiff's factual allegations appear adequate to state a valid claim against Officer Morgan for the use of excessive force, plaintiff cannot proceed with this claim as it is currently pleaded because the complaint does not seek any relief that this court can grant. The only relief requested in the complaint for Officer Morgan's use of force is that plaintiff's U-visa be granted and/or that removal proceedings be stayed. As set forth above, this court cannot grant the requested relief. If plaintiff wishes to proceed with an excessive force claim under 42 U.S.C. § 1983 for money damages, plaintiff must file an amended complaint that pleads such a claim and seeks money damages for relief.

### D.     No Cognizable Claim against Sheriff's Department

"Municipalities and other local government units... [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, a municipal entity or a municipal department is liable under section 1983 only if plaintiff shows that her constitutional injury was caused by employees acting pursuant to the municipality's policy or

1  custom. See Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008). "[A]n act
2  performed pursuant to a 'custom' that has not been formally approved by an appropriate
3  decisionmaker may fairly subject a municipality to liability on the theory that the relevant
4  practice is so widespread as to have the force of law." Board of Cty. Comm'rs. of Bryan Cty. v.
5  Brown, 520 U.S. 397, 404 (1997). A local governmental entity may also be liable if it has a
6  "policy of inaction and such inaction amounts to a failure to protect constitutional rights." Oviatt
7  v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992) (citing City of Canton v. Harris, 489 U.S. 378
8  (1989)); see also Monell, 436 U.S. at 690–91. The custom or policy of inaction must be the result
9  of a conscious or deliberate choice to follow a course of action made from among various
10 alternatives by the official or officials responsible for establishing final policy with respect to the
11 subject matter in question. City of Canton, 489 U.S. at 389; Oviatt, 954 F.2d at 1477 (quoting
12 Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

13  Here, the complaint contains no allegations that plaintiff was injured as a result of
14 employees acting pursuant to any policy or custom of the Yuba County Sheriff's Department.
15 Accordingly, there is no cognizable claim against the Yuba County Sheriff's Department.

### E.  Request to File Electronically

17  Plaintiff has requested to file case documents electronically. (ECF No. 4.) In support of
18 the request, plaintiff states she experiences difficulty due to the COVID-19 pandemic. Plaintiff
19 also states she does not live near the court, does not drive, and is dependent on others for
20 transportation.

21  Generally, "any person appearing pro se may **not** utilize electronic filing except with the
22 permission of the assigned Judge or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2) (emphasis in
23 original). The court does not find good cause to deviate from the general rule at this time. Plaintiff
24 may use the United States mail to send documents to the court for filing. Plaintiff may also
25 request extensions of time as necessary and appropriate. The court acknowledges the challenges
26 faced by a pro se plaintiff in meeting court deadlines when receiving service of court-filed
27 documents by mail and filing documents by mail. The court will generally seek to accommodate
28 circumstances requiring extensions of time in such cases. At the current stage, however, the

motion to file electronically will be denied.

V.  **CONCLUSION**

The complaint must be dismissed for the reasons set forth herein. The court will grant plaintiff leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the deficiencies identified herein. Plaintiff is informed that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff is unable or unwilling to cure the complaint's deficiencies, then plaintiff may file a notice of voluntary dismissal.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's request to file electronically (ECF No. 4) is denied;

3. Plaintiff's motion for a hearing (ECF No. 5) is denied;

4. Plaintiff's complaint (ECF No. 1) is dismissed; and

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 18, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ferreira.21cv1208.screen