UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN KEVIN ROSS, et al.,<br><br>Defendants. | No.  2:21-cv-01208-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>AND<br><br>ORDER DIRECTING SERVICE |

Plaintiff proceeds pro se and in forma pauperis in this action seeking relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's first amended complaint filed on October 1, 2021 (ECF No. 12) and motion to stay off removal procedure (ECF No. 3) are before the court.

**I.      SCREENING AND PLEADING STANDARDS**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes them in the light most favorable to the plaintiff. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, legal conclusions, unreasonable inferences, or unwarranted deductions of fact. See Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[F]acial plausibility… requires… factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II.    BACKGROUND

Plaintiff names as defendants the Department of Homeland Security/ Immigrations and Customs Enforcement ("DHS"/"ICE"), the Yuba County Sheriff's Department, Jonathan Kevin Ross, an attorney for the US Division Office of Immigration Litigation, and Heidi C. Morgan, a jail floor officer at the Yuba County jail. Plaintiff seeks to impose liability on each defendant under 42 U.S.C.§ 1983.

By order dated August 18, 2021 (ECF No. 8), the court screened plaintiff's complaint and notified plaintiff the complaint was subject to dismissal because the court lacks jurisdiction to grant the only requested relief. Specifically, this court lacks jurisdiction to grant plaintiff a U-visa and lacks jurisdiction to stay removal proceedings. Plaintiff was additionally informed the factual allegations in the complaint were insufficient to state a claim against the Department of Homeland Security, Immigration and Customs Enforcement Agency, Yuba County Sheriff's Department, and trial attorney Johnathan Kevin Ross. Plaintiff was granted leave to file a first amended complaint and has filed a first amended complaint.

### III.   ALLEGATIONS IN THE FIRST AMENDED COMPLAINT ("FAC")

In March of 2020, plaintiff was an ICE detainee at Yuba County jail. (ECF No. 12 at 25.) On March 17, 2020, while escorting plaintiff to the dorm, Officer Morgan used both hands to strike plaintiff on the middle of the back several times and shove her through the hallway, humiliating her in front of male inmates. Plaintiff sustained a back injury. Officer Morgan then filed a false report accusing plaintiff of disobeying a direct order and threatening Morgan. (Id.)

Plaintiff sought an investigation into this incident and provided information about what happened to ICE, DHS, and the Yuba County Sheriff's Department, but these parties disregarded the subject and made it difficult for plaintiff to have access to any information from the investigation initiated by the sheriff's department. (ECF No. 12 at 25, 27.) Eventually plaintiff received a response from the sheriff's department stating the case was sent to their internal counsel. (Id. at 25.)

For relief, plaintiff seeks damages and injunctive relief in the form of a "stay of removal proceedings until resolving u visa with USCIS." (ECF No. 12 at 32.)

### IV.   THE FAC STATES A VALID CLAIM AGAINST OFFICER MORGAN

Plaintiff's factual allegations state a claim against Officer Morgan for the use of unconstitutionally excessive force. See Gibson v. County of Washoe, 290 F.3d 1175, 1197 (2001) (holding that while the Eighth Amendment provides a minimum standard of care, the rights of a plaintiff detained in custody are determined under the Due Process Clause of the Fourteenth Amendment) (overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (2016)). Accordingly, the court will order service of the complaint on Officer Morgan. This order directing service does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Rule 12 of the Federal Rules of Civil Procedure or any other appropriate method.

For the reasons set forth in the court's August 18, 2021 screening order (ECF No. 8), however, plaintiff's allegations fail to state a valid claim against ICE, DHS, the Yuba County Sheriff's Department, and attorney Jonathan Kevin Ross. Accordingly, the undersigned will recommend these defendants be dismissed from the case.

## V.     MOTION TO STAY OFF REMOVAL PROCEDURE (ECF No. 3)

Plaintiff has filed a motion entitled "Motion to stay off removal procedure." (ECF No. 3.) Federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter jurisdiction and personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

Title 8 U.S.C. section 1252(g) deprives this court of jurisdiction to stay plaintiff's removal proceedings. Enacted as part of the REAL ID Act of 2005, see Leiva v. Clark, 446 F. App'x 899, 900 (9th Cir. 2011), section 1252(g) provides as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title 8, no court shall have jurisdiction to hear any cause or claim on behalf of any alien arising from any decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

Section 1252(g) applies to discretionary decisions by the Attorney General to commence proceedings, to adjudicate cases, or to execute removal orders. INS v. St. Cyr, 533 U.S. 289, 312 n. 34 (2001); see also, e.g., Vilchiz–Soto v. Holder, 688 F.3d 642, 644 (9th Cir. 2012) (holding that 1252(g) bars district court jurisdiction over action challenging the denial of a motion to reopen removal proceedings and to reconsider denial of application to cancel removal). Thus, plaintiff's request to stay removal proceedings is barred in this court by section 1252(g). See Id. Likewise, to the extent plaintiff seeks relief in the form of being granted a U–Visa, this suit does not authorize such relief from this court. See Lee v. Holder, 599 F.3d 973, 975-76 (9th Cir. 2010) (holding that USCIS has "sole jurisdiction" over claims of eligibility for a U–Visa pursuant to 8 C.F.R. § 214.14(c)(1)); Aguirre–Palacios v. Doe No. 1, No. No. 13-cv-3103, 2014 WL 584265, at *5 (S.D. Cal. Feb. 11, 2014) (the "Court's general federal question jurisdiction… does not extend

so far as to confer further jurisdiction over questions of Plaintiff's eligibility for a U–Visa under 8 U.S.C. § 1101(a)(15)(U)"). Because this court lacks jurisdiction to stay removal proceedings, the undersigned will recommend the motion be denied.

### VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED:

1. Service of the complaint is appropriate for Heidi Morgan, jail officer at Yuba County Jail;

2. The Clerk of Court shall issue process pursuant to Federal Rule of Civil Procedure 4. The Clerk shall send to plaintiff (i) one copy of this order, (ii) one summons and one USM-285 form (with related documents) for each defendant; (iii) one copy of the Consent/Decline form for each named party; and (iv) a copy of the court's order setting status conference;

3. Within 30 days from the date of this order, plaintiff shall supply the U.S. Marshal (501 I Street, 5th Floor, Sacramento, CA 95814) all information needed to effectuate service of process. To do so, the U.S. Marshal will require:

    a. <u>For *each* defendant to be served</u>: (i) a copy of this order, (ii) a completed summons and completed USM-285 form, (iii) a Consent/Decline form, and (iv) a copy of the complaint and court's order setting status conference;

    b. <u>For the U.S. Marshal</u>: an extra copy of the complaint;

4. Within 10 days of submitting the documents to the U.S. Marshal, plaintiff shall file a statement with the court indicating the Marshal has the documents;

5. The U.S. Marshal shall serve process—including copies of this court's scheduling order and Consent/Decline forms for each defendant—within 90 days of receipt of the required information from plaintiff, without prepayment of costs;

6. If defendant waives service, defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve defendant of this requirement, and the failure to return the signed waiver may subject defendant to an order to pay the costs of service by the U.S. Marshal; and

7. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

In addition, IT IS HEREBY RECOMMENDED:

1. Plaintiff's claims against Jonathan Kevin Ross, Department of Homeland Security, Immigrations and Customs Enforcement, and Yuba County Sheriff's Department be DISMISSED, and these defendants be dismissed from the case; and

2. Plaintiff's motion to stay of removal procedure (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ferreira.21cv1208.fac.serv