1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEXANDRA FERREIRA DA SILVA,          No.  2:21-cv-01208-KJM-CKD PS

12            Plaintiff,

13       v.                                ORDER

14   JONATHAN KEVIN ROSS, et al.,,

15            Defendants.

16

17        On October 28, 2021, the undersigned filed an order and findings and recommendations in

18   this case. (ECF No. 13.) Specifically, the undersigned found service appropriate for defendant

19   Officer Heidi Morgan on plaintiff's claim of excessive force and ordered the Clerk of the Court to

20   issue process pursuant to Federal Rule of Civil Procedure 4. In order to effectuate service of

21   process on Officer Morgan, plaintiff was directed to return the necessary documents to the US

22   Marshal within 30 days.

23        By findings and recommendations issued concurrently, the undersigned recommended this

24   court dismiss all other claims and defendants from this case. These findings and

25   recommendations contained notice that any objections to the findings and recommendations were

26   to be filed within fourteen days. Plaintiff was also notified that failure to file objections within the

27   specified time could waive the right to appeal any order of the court adopting the findings and

28   recommendations.

On November 4, 2021, plaintiff filed a motion for extension of time and requested the appointment of counsel. (ECF No. 16.) On November 10, 2021, plaintiff filed a notice of interlocutory appeal which has been processed to the United States Court of Appeals for the Ninth Circuit. (ECF Nos. 17-19.) On November 16, 2021, plaintiff filed a document in this court in which she requested permission to electronically file documents. (ECF No. 20.)

**Effect of the Interlocutory Appeal on the Pending Motions**

The filing of an interlocutory appeal "divests the district court of jurisdiction to proceed with trial," Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992), and "over the particular issues involved in [the] appeal." City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 886 (9th Cir. 2001). However, the filing of an interlocutory appeal does not divest the trial court of jurisdiction over aspects of the case that are not the subject of the appeal. United States v. Pitner, 307 F.3d 1178, 1183 n. 5 (9th Cir. 2002).

Here, it appears plaintiff is attempting to appeal some or all of the October 28, 2021 order and findings and recommendations. However, the appeal is bound to be dismissed as premature or otherwise procedurally improper. First, findings and recommendations cannot be directly appealed; instead the proper course of action if plaintiff disagrees with any of the undersigned's findings and recommendations is to file objections to the findings and recommendations in this court and then wait for the district court ruling by the assigned district judge – in this case the Honorable Chief District Judge Kimberly J. Mueller – prior to filing an appeal. It further does not appear the appeal is properly taken as to the order finding service appropriate for Officer Morgan. Under these circumstances, the undersigned considers plaintiff's pending motions and requests which do not involve the subject of a properly filed appeal.

**Motion for Extension of Time**

Plaintiff's request for an extension of time does not specify for what purpose the extension of time is requested. The undersigned construes the filing as requesting an extension of time to file objections to the October 28, 2021 recommendation to dismiss claims and defendants, and/or requesting an extension of time to supply the U.S. Marshal with documents needed to effectuate service of process. So construed, the request will be granted.

**Motion for Appointment of Counsel**

It is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). However, under "exceptional circumstances," a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court considers both "the likelihood of success on the merits as well as the ability of the petitioner to articulate [the] claims pro se in light of the complexity of the legal issues involved." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's first request for counsel was denied on September 1, 2021. The court has extremely limited resources to appoint attorneys in civil cases and there are no new circumstances alleged. Considering the Palmer factors, plaintiff does not meet the burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

**Request to Participate in Electronic Case Filing**

Finally, plaintiff has requested to participate in electronic case filing. (ECF No. 20.) Generally, "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2). Plaintiff's request for electronic case filing does not provide good cause for deviance from the Local Rule applicable to unrepresented litigants. At the current stage of this case, the motion will be denied.

**Conclusion**

Good cause appearing, IT IS HEREBY ORDERED:

1.  Plaintiff's motion for appointment of counsel (ECF No. 16) is DENIED;

2.  Plaintiff's motion for extension of time (ECF No. 16) is GRANTED to the extent that plaintiff has up to and including December 17, 2021 to file objections to the October 28, 2021 findings and recommendations, and, further the motion for extension of time is GRANTED to the extent that a new due date for plaintiff to provide the documents needed to effectuate service of process on Officer Morgan as set forth in the October 28, 2021 order will be provided following the dismissal or conclusion of the pending interlocutory appeal; and

////

1          3.  Plaintiff's request to participate in electronic case filing (ECF No. 20) is DENIED.

2     Dated:  November 19, 2021

3                                                   _____
                                                    CAROLYN K. DELANEY
4                                                   UNITED STATES MAGISTRATE JUDGE

5     8.ferreira1208.misc

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28