UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN KEVIN ROSS, et al.,,<br><br>Defendants. | No.  2:21-cv-01208-KJM-CKD PS<br><br><br><br>ORDER |

Plaintiff proceeds pro se and in forma pauperis with a first amended complaint filed on October 28, 2021. (ECF No. 12.) Plaintiff proceeds on a claim alleging jail officer Heidi Morgan used unconstitutionally excessive force against plaintiff while plaintiff was in federal custody at Yuba County Jail.

On October 28, 2021, the court found service of the complaint was appropriate for Officer Morgan and ordered that the Clerk of Court issue process pursuant to Federal Rule of Civil Procedure 4. (ECF No. 13.) Because plaintiff proceeds in forma pauperis, the court directed the United States Marshal to serve the summons and the complaint upon defendant within 90 days of receipt of the necessary information from plaintiff. See Fed. R. Civ. P. 4(c)(2). The court directed plaintiff to supply the U.S. Marshal with the information needed to effectuate service of process within 30 days. (Id. at 5.)

////

On December 3, 2021, plaintiff filed a request for an extension of time of an unspecified length. (ECF No. 22.) On December 10, 2021, the court granted plaintiff up to and including January 20, 2022, to provide the U.S. Marshal with documents needed to effectuate service of process on Officer Morgan. (ECF No. 24.)

On December 27, 2021, plaintiff filed a document further addressing "extension of time reasons." (ECF No. 25.) The undersigned construes this filing as a second request for an extension of time of an unspecified length to submit to the U.S. Marshal the information needed to effectuate service of process on Officer Morgan.

Rule 4(m) of the Federal Rules of Civil Procedure provides a 90-day time limit for service of process, but "the court must extend the time for service for an appropriate period" if the plaintiff shows good cause. Fed. R. Civ. P. 4(m). If the plaintiff does not show good cause for the failure to timely serve, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Id.)

Here, plaintiff states she is experiencing medical issues that make it impossible to move forward with her responsibilities in this process. (ECF No. 25 at 2.) Good cause appearing,

IT IS HEREBY ORDERED:

1. Plaintiff's second request for an extension of time (ECF No. 25) is GRANTED; and

2. Plaintiff is granted up to and including April 15, 2022, to provide the documents needed to effectuate service of process on Officer Morgan as originally set forth in the court's October 28, 2021, order.

Dated: February 17, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ferreira1208.eotserv2

2