UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA, | No. 2:21-cv-1208-KJM-CKD (PS) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| JONATHAN KEVIN ROSS, et al., | |
| Defendants. | |

Plaintiff proceeds pro se under 42 U.S.C. § 1983. Plaintiff's first amended complaint alleges Officer Morgan used unconstitutionally excessive force while plaintiff was detained at the Yuba County Jail. (ECF No. 12.)

Defendant filed a motion to dismiss on June 17, 2022. (ECF No. 32.) Defendant noticed the motion to dismiss for a hearing to take place on July 27, 2022. (ECF No. 34.) After plaintiff failed to file a timely opposition, statement of non-opposition, or request for an extension of time, the court vacated the hearing and ordered plaintiff to show cause why the failure to oppose the motion to dismiss should not waive the right to oppose the motion and why this action should not be dismissed on that basis.

On July 12, 2022, plaintiff responded adequately to the order to show cause, which was thereafter discharged. (See ECF Nos. 38, 39.) On July 13, 2022, the court granted plaintiff an extension of time up to and including August 15, 2022, to file an opposition to defendant's

1

motion to dismiss. (ECF No. 39.) To date, plaintiff has not filed a timely opposition, statement of non-opposition, or requested a further extension of time to oppose the motion to dismiss, or otherwise communicated with the court.

Plaintiff is required to file a written response to defendant's motion to dismiss. The Local Rules provide, in pertinent part:

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135. A failure to file a timely opposition may also be construed by the Court as a nonopposition to the motion.

Local Rule 230(c).

In the Order Setting Status Conference dated October 28, 2021, a copy of which was served on plaintiff (see ECF No. 15), plaintiff was informed that the Local Rules required plaintiff to file a written opposition to the granting of a motion filed by defendant. In the same order, plaintiff was cautioned "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Finally, plaintiff was notified that failure to comply with the Federal Rules of Civil Procedure, Local Rules of Practice, or orders of this court could result in dismissal of this action. Despite receiving these admonitions, plaintiff has not filed a timely opposition to the pending motion to dismiss or statement of non-opposition.

For the foregoing reasons, IT IS HEREBY ORDERED that within 14 days from the date of this order, plaintiff shall show cause, in writing, why plaintiff's continued failure to oppose the motion to dismiss should not waive the right to oppose the motion, and why this action should not be dismissed for plaintiff's failure to oppose the motion to dismiss.

Dated:  September 20, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ferreira.21cv1208.osc.nooppo(2)