UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN KEVIN ROSS, et al.,<br><br>Defendants. | No.  2:21-cv-1208-KJM-CKD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 32) |

Plaintiff proceeds pro se with a civil rights action under 42 U.S.C. § 1983. Defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is before the court. This matter is appropriate for decision without oral argument. See Local Rule 230(g). For the reasons that follow, the undersigned recommends the motion be denied.

**I.    PROCEDURAL BACKGROUND**

Plaintiff initiated this action on July 9, 2021. (ECF No. 1.) On October 28, 2021, service of plaintiff's first amended complaint ("FAC") was found appropriate for defendant, Officer Heidi Morgan, for an alleged unconstitutionally excessive use of force in violation of the Fourteenth Amendment. (ECF No. 13.) On June 17, 2022, defendant moved to dismiss the complaint. (ECF No. 32.) Plaintiff filed an opposition and defendant filed a reply. (ECF Nos. 43, 44.)

1

## II. LEGAL STANDARDS FOR A MOTION TO DISMISS

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim that is plausible on its face has sufficient factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Courts of this circuit recognize their duty "to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri, 901 F.2d at 699. As such, the pleadings of pro se litigants "are liberally construed, particularly where civil rights claims are involved." Id. However, a court's "liberal interpretation of a civil rights complaint may not supply essential elements of [a] claim that were not initially pled." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

## III. DISCUSSION

### A. RELEVANT ALLEGATIONS IN THE COMPLAINT

Plaintiff was an ICE detainee at Yuba County jail in March of 2020. (ECF No. 12 at 25.) On March 17, 2020, while escorting plaintiff to the dorm, Officer Morgan struck plaintiff "several times on middle back with her two hands and shoved [plaintiff] through the hallway (from the elevator close to booking until close to the kitchen area)." (Id.) Plaintiff alleges this use of force occurred "without any provocation." (Id. at 27.) Plaintiff further alleges she sustained an injury:

2

"Today I have an injury on my back[.]" (Id. at 25.)

B.  **DEFENDANT'S MOTION TO DISMISS**

In the motion to dismiss, defendant asserts (1) the FAC fails to state a claim for relief; (2) C/O Morgan is entitled to qualified immunity for the alleged use of force; (3) the FAC fails to state a short and plain statement under Rule 8 of the Federal Rules of Civil Procedure; and (4) plaintiff fails to allege that she complied with the Prison Litigation Reform Act ("PLRA") by filing/appealing her grievances through the Yuba County Jail system. (ECF No. 32 at 2.)

1.  **Legal Standards for the Excessive Force Claim**

Constitutional questions regarding the conditions and circumstances of plaintiff's confinement are properly raised under the Due Process Clause of the Fourteenth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983); Bell v. Wolfish, 441 U.S. 520, 535 (1979). The due process rights of detainees who are not convicted prisoners are "at least as great as the Eighth Amendment protections available to a convicted prisoner." Revere, 463 U.S. at 244. Thus, while the Eighth Amendment provides a minimum standard of care for detainees, plaintiff's rights while she was detained are determined under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1197 (2001) (overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (2016)).

The constitution does not prohibit the use of objectively reasonable force by officers. See Tatum v. City & County of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether force used was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989); Tatum, 441 F.3d at 1095; Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). The proper inquiry balances the nature and quality of the intrusion against the countervailing governmental interests at stake. Graham, 490 U.S. at 396; Lolli, 351 F.3d at 415. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Graham, 490 U.S. at 396. "'Not every push or shove, even if it may later seem

unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Id. (internal quotation marks omitted).

### 2. Adequacy of the Claim Pleaded

Citing Parker v. City of Los Angeles, 726 Fed. Appx. 546 (9th Cir. 2018), Saucier v. Katz, 533 U.S. 194 (2001), and Palacios v. City of Oakland, 970 F. Supp. 732, 740 (N.D. Cal. 1997), defendant argues prior courts have found an officer's use of a push/shove to be not excessive under 42 U.S.C. § 1983 if the officer used a reasonable amount of force and had a legitimate interest in using the amount of force used. (ECF No. 32-1 at 7-8.)

Defendant argues plaintiff's allegations that defendant used excessive force must be taken along with defendant's description of the incident in the incident report attached to the FAC. (See ECF No. 32-1 at 1.) Based on plaintiff's allegations and defendant's description of the incident, defendant argues, there were two possible uses of force on March 17, 2020:

> First, CO Morgan touched Plaintiff's shoulder to redirect her away from booking and towards the housing unit. Secondly, CO Morgan used an open palm to shove Plaintiff when she stopped in order to keep Plaintiff walking towards the housing unit and away from the male inmates in the holding cell.

(Id. at 7.) Defendant argues these can only be described as both minimal and reasonable uses of force under the circumstances. (Id.)

Here, though, plaintiff's allegations need not be taken along with defendant's version of the incident set forth in the incident report. Although exhibits attached to a complaint are part of the complaint "for all purposes," Fed. R. Civ. P. 10(c), that does not mean all facts set forth in attachments to a complaint must be treated as true. See Guzell v. Hiller, 223 F.3d 518, 519 (7th Cir. 2000). "A plaintiff in a libel suit who attached the allegedly libelous article to his complaint would obviously not be vouching for the truth of the libelous assertions in the article." Id. (citing Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2nd Cir. 1995)). The plaintiff's purpose in attaching an exhibit to the complaint determines what assertions, if any, in the exhibit are facts the plaintiff has incorporated into the complaint. Guzell, 223 F.3d at 519.

In this instance, plaintiff attached defendant's incident narrative to the FAC as an "[o]verview about [defendant's] accusation." (See ECF No. 12 at 2, Table of Contents to the

4

FAC.) Plaintiff alleged the accusations therein were false. (See id. at 25 ("she falsely accused to disobey order and threaten [plaintiff]; [which] is untrue").) Therefore, plaintiff "did not vouch for the truth of the statements…, and they cannot be assumed to be true for purposes of ruling on this motion." Wilson v. Grannis, No. C07-2018 PJH(PR), 2008 WL 4415268, at *3 (N.D. Cal. Sept. 26, 2008).

### 3. Qualified Immunity

Qualified immunity shields government officials from monetary damages unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018). "In evaluating a grant of qualified immunity, a court considers whether (1) the state actor's conduct violated a constitutional right and (2) the right was clearly established at the time of the alleged misconduct." Gordon v. County of Orange, 6 F.4th 961, 967-68 (9th Cir. 2021) (citing Saucier v. Katz, 533 U.S. 194, 200-01 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223 (2009)). "[I]f the answer to either [question] is 'no,' then the state actor cannot be held liable for damages." Id. at 968 (citation omitted).

Defendant argues the doctrine of qualified immunity shields her from liability because the force used was de minimis. (ECF No. 32-1 at 10.) Defendant argues the force used of grabbing plaintiff's shoulder or shoving her away from the booking area and away from male inmates, as plaintiff walked to her housing unit, was not clearly established as unlawful at the time of the challenged conduct. (Id.)

Liberally construing the FAC, plaintiff alleges defendant struck her several times on the back, without provocation, causing an injury that plaintiff still had when she filed the complaint. (ECF No. 12 at 25, 27.) The court is unable to conclude at this stage, under the first prong, that defendant did not violate plaintiff's rights under the Fourteenth Amendment. Under the second prong, similarly, unresolved issues of fact prevent a determination of qualified immunity. See Wilkins v. City of Oakland, 350 F.3d 949, 956 (9th Cir. 2003) ("Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party, [a grant of qualified immunity] is not appropriate.").

### 4. Exhaustion of Remedies under the PLRA

Defendant argues plaintiff failed to comply with the PLRA because the FAC does not plead that she filed a grievance at Yuba County Jail and appealed it to the highest level of authority. (ECF No. 32-1 at 11.) Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title… *by a prisoner confined in any jail*… until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e (emphasis added). A prisoner or jail inmate must exhaust administrative remedies before bringing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk[.]" Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007).

Here, defendant does not assert, and the record does not reflect, that plaintiff was confined in jail or otherwise confined or detained at the time she brought this action. (See generally, ECF No. 1.) Defendant further makes no argument that the exhaustion requirement of the PLRA should be applied to plaintiffs who were no longer confined or detained when they brought the suit. Defendant fails to show the amended complaint should be dismissed due to a failure to comply with the PLRA. See, e.g., Valdivia v. Cnty. of Santa Cruz, No. 08-00916 JF, 2008 WL 4065873, at *4 (N.D. Cal. Aug. 27, 2008) ("Because Valdivia had been released from the Santa Cruz County jail prior to bringing the instant suit, he is not subject to 42 U.S.C. § 1997e(a).")

### 5. Rule 8

Defendant next requests that in the event the court is not persuaded by defendant's other arguments, "that Plaintiff's complaint contain a short and plain statement pursuant to FRCP Rule 8." (ECF No. 32-1 at 11.) Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The policy behind Rule 8's pleading requirement is to give the defendant fair notice of the claim and the grounds upon which it rests. Leatherman v Tarrant County Narcotics

1  Intelligence and Coord Unit, 507 US 163, 168 (1993).

2  Here, the entirety of the FAC totals 203 pages, including a number of exhibits, which appear both before and after the body of the civil rights complaint. (See ECF No. 12, generally.) The body of the civil rights complaint consists of 13 pages, including a blank page. (ECF No. 12 at 21-33; see also id. at 1, Table of Contents.) This statement is not so rambling or disorganized that it obscures the nature of the excessive force claim. In addition, requiring defendant to answer a 13-page statement does not place an unjustified burden on defendant or the court. See Salahuddin v Cuomo, 861 F 2d 40, 41 (2nd Cir. 1988) ("unnecessary prolixity… places an unjustified burden on the court and the party who must respond to [the complaint]" (internal quotation marks omitted)); compare, e.g., Grimes v. Fremont Gen. Corp., 933 F. Supp. 2d 584, 595 (S.D.N.Y. 2013) (dismissing amended complaint with more than 1000 specifically numbered paragraphs and hundreds of additional un-numbered paragraphs).

As to the claim against defendant Morgan, the first amended "complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Therefore, the motion to dismiss for failure to comply with Rule 8 of the Federal Rules of Civil Procedure should be denied.

**IV.   CONCLUSION AND ORDER**

In accordance with the above, IT IS RECOMMENDED:

1. Defendant's motion to dismiss (ECF No. 32) be DENIED.
2. Defendant be ordered to file and serve a responsive pleading within 14 days after any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

1 | Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 | Dated:  November 17, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5 | 8.Ferr21cv1208.mtd