UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN KEVIN ROSS, et al.,,<br><br>Defendants. | No. 2:21-cv-01208-DJC-CKD PS<br><br><br><br>ORDER |

Plaintiff proceeds without counsel on a first amended complaint filed on October 28, 2021. Plaintiff alleges that jail officer Heidi Morgan used unconstitutionally excessive force, striking plaintiff in the back, while plaintiff was detained at the Yuba County Jail.

Plaintiff's recently filed discovery-related requests are before the court. (ECF Nos. 56, 59.) Plaintiff requests that the court issue a deposition subpoena and moves the court to join parties previously terminated from the action. Plaintiff did not set these matters for hearing,[1] and the court finds them suitable for decision without further briefing or oral argument. See Local Rule 230(g), 251(a). For the reasons explained below, the requests will be denied.

---

[1] Plaintiff is directed to review the requirements of Local Rules 230 and 251 pertaining to the filing of motions and discovery related motions, including the procedures for setting a discovery motion for hearing.

Plaintiff's initial disclosures were also recently filed on the docket. Plaintiff is informed that neither discovery requests served on an opposing party, nor that party's responses, should be filed with the court until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure, such as through a motion to compel. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

**Request to Issue Subpoena (ECF No. 56)**

Utilizing a form created by the Judicial Council of California, plaintiff requests the court issue a deposition subpoena or subpoenas. (ECF No. 56.) Plaintiff seeks to depose Officer Snow, Officer Chavez, and the male officer involved in the incident dated March 17, 2020.[2] (Id. at 4.) Plaintiff is informed that the form for use in federal court for a deposition subpoena is AO–88A, "Subpoena to Testify at a Deposition in a Civil Action."

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 30(a)(1). "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). "That party must complete it before service." Id.

In forma pauperis status allows plaintiff assistance in the service of a court-approved deposition subpoena by the United States Marshal. However, plaintiff must provide a properly completed form AO–88A for each non-party witness sought to be deposed. Plaintiff must also tender payment for witness fees and if applicable, travel expenses, concurrently with the subpoena. See Fed. R. Civ. P. 45; 28 U.S.C. § 1821. In addition to the deposition costs and non-party witness fees under Rule 45 of the Federal Rules of Civil Procedure, plaintiff is required to arrange for the deposition to be conducted before a deposition officer, and to pay for the recording of the deposition pursuant to Rule 30. See Redick v. Lowes Home Centers, LLC, No.

---

[2] In listing defendant Morgan in the "respondent" box of the California form, plaintiff may also seek to depose defendant Morgan through this request. (ECF 56 at 1.) Plaintiff should not need a subpoena to depose defendant Morgan, who is a party to this suit. See Fed. R. Civ. P. 30(b)(1). Defense counsel should make defendant available to participate in a properly noticed deposition, so long as plaintiff arranges for a deposition reporter and pays all recording costs as required by Federal Rule of Civil Procedure 30(b)(3)(A).

1:21-CV-00358-SAB, 2022 WL 2133799, at *4 (E.D. Cal. June 14, 2022) (in forma pauperis status does not provide for waiver of witness fees, mileage, or deposition officer fees).

Plaintiff's request for issuance of a deposition subpoena will be denied, but the court will consider a renewed request. In any renewed request for the court to issue a deposition subpoena, plaintiff must provide a properly completed form AO–88A for each requested deponent, affirm to the court that plaintiff will retain and pay a court reporter to act as a deposition officer, and tender payment for witness fees and, if applicable, travel expenses.

**Motion for Joinder (ECF No. 59)**

Plaintiff has filed a motion styled as a motion for joinder in which plaintiff seeks to add the Yuba County Jail and Sheriff's Department to this case as defendants. (ECF No. 59 at 3.) Defendant has opposed the motion. (ECF No. 60.) In support of the motion, plaintiff cites "section 379" which the court infers is section 379 of the California Code of Civil Procedure. Plaintiff is informed that this court applies the Federal Rules of Civil Procedure rather than the California Code of Civil Procedure.

Through this motion, plaintiff seeks to join Yuba County defendants in order to revive previously dismissed claims. The motion will be denied. Plaintiff's claims against the Yuba County Sheriff's Department were dismissed without leave to amend by order dated July 11, 2022 (ECF No. 37) and cannot be revived through a motion for joinder.

**Order**

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request for issuance of a deposition subpoena or subpoenas (ECF No. 56) is denied without prejudice to renewal with a properly completed form AO–88A for each non-party witness-deponent, affirmation that plaintiff will retain and pay for a court reporter to act as a deposition officer, and tender of payment for witness fees and, if applicable, travel expenses.

2. Plaintiff's motion styled as a motion for joinder (ECF No. 59) is denied.

Dated:  April 12, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ferreira21cv1208.r45

3