UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA, | No. 2:21-cv-01208 DJC CKD PS |
| Plaintiff, | |
| v. | ORDER |
| HEIDI C. MORGAN, | |
| Defendant. | |

Plaintiff currently proceeds pro se under 42 U.S.C. § 1983. This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(c) and Local Rule 302(c)(21). Plaintiff's requests filed on May 10, 2023, are before the court. (ECF Nos. 63, 64.)

In the operative first amended complaint filed on October 1, 2021, plaintiff alleges defendant, an officer at the Yuba County jail, used unconstitutionally excessive force on March 17, 2020, while plaintiff was civilly detained at the jail. (See ECF No. 12.) On May 10, 2023, plaintiff filed a second request to join the Yuba County Jail and Sheriff's Department as parties to this case. (ECF No. 64).[1] However, plaintiff's claims against the Yuba County Sheriff's Department were dismissed by order dated July 11, 2022. (ECF No. 37.) Plaintiff is again informed that dismissed claims cannot be revived through a motion for joinder of defendants.

---

[1] Plaintiff's first request to join the Yuba County Jail and Sheriff's Department as parties to this case was filed on April 5, 2023 (ECF No. 59) and denied on April 12, 2023 (ECF No. 62).

1

1  Accordingly, the undersigned will deny plaintiff's second request seeking to join the Yuba
2  County Jail and Sheriff's Department to this case as defendants. (ECF No. 62.)

3  Also on May 10, 2023, plaintiff filed what appears to be a second request for the issuance
4  of a subpoena or subpoenas, seeking to subpoena records from the Yuba County Sheriff's
5  Department. (ECF No. 63.) The undersigned now considers whether this case may be appropriate
6  for appointment of counsel for a limited purpose.

7  It is "well-established that there is generally no constitutional right to counsel in civil
8  cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). In certain exceptional
9  circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
10 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900
11 F.2d 1332, 1335-36 (9th Cir. 1990).

12 After reviewing the file, the undersigned finds appointment of counsel to represent
13 plaintiff is appropriate for the limited purposes of (1) assisting plaintiff with discovery related to
14 the Fourteenth Amendment claim against defendant Morgan, (2) pretrial motion practice as to the
15 Fourteenth Amendment claim against defendant Morgan, if any, including filing or opposing
16 dispositive motions, and (3) preparing for and participating in any settlement conferences that
17 may be set, if any.

18 Good cause appearing, IT IS HEREBY ORDERED as follows:

19 1. Plaintiff's second request for issuance of a subpoena or subpoenas (ECF No. 63) is
20 denied.

21 2. Plaintiff's second request styled as a request to join Yuba County Sheriff's Department
22 and Yuba County Jail as defendants (ECF No. 64) is denied.

23 3. On the court's own motion, plaintiff is appointed limited purpose counsel, subject to an
24 attorney accepting the request for voluntary assistance, for the limited purposes of (1) assisting
25 plaintiff with discovery related to the Fourteenth Amendment claim against defendant Morgan,
26 (2) pretrial motion practice as to the Fourteenth Amendment claim against defendant Morgan, if
27 any, including filing or opposing dispositive motions, and (3) preparing for and participating in
28 any settlement conferences that may be set, if any.

4. Discovery is stayed pending further order of this court.

5. The Clerk of the Court shall serve a copy of this order on Sujean Park, Director, ADR and Pro Bono Program.

Dated:  May 16, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ferreira21cv1208.cnsl