UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI C. MORGAN,<br><br>Defendant. | No.  2:21-cv-01208 DJC CKD (PS)<br><br>ORDER APPOINTING<br><br>LIMITED PURPOSE COUNSEL |

Plaintiff currently proceeds pro se under 42 U.S.C. § 1983. Plaintiff's request filed on January 17, 2024, is before the court. (ECF No. 75.)

In the operative first amended complaint filed on October 1, 2021, plaintiff alleges the defendant, Officer Morgan, an officer at the Yuba County jail, used unconstitutionally excessive force on March 17, 2020, in violation of plaintiff's rights under the Fourteenth Amendment while she was civilly detained at the jail. (See ECF No. 12.)

On January 17, 2024, plaintiff filed a document titled "Request for mediation and access to [evidence]." (ECF No. 75.) In the request, plaintiff sets forth her unsuccessful efforts to obtain evidence for the prosecution of this case, including evidence relevant to the incident with Officer Morgan on March 17, 2020, and asks for the court's assistance. (See generally, id.)

After reviewing plaintiff's request, the undersigned finds that limited-purpose appointment of counsel to represent plaintiff is appropriate at this time. It is "well-established that

1

there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Counsel's appointment will be limited to propounding a single round of discovery-type requests relevant to plaintiff's Fourteenth Amendment claim which may include interrogatories, requests for production of documents, a subpoena for documents to a non-party, and/or public records request(s), and related tasks at counsel's discretion.

On the court's own motion, the court will further modify the pretrial scheduling order. (See ECF No. 55; see also ECF No. 71 (modifying dates).) The deadlines for this case are modified as follows. All non-expert discovery shall be completed by July 26, 2024. The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than August 23, 2024. Any rebuttal expert disclosures shall be made by June 28, 2024. All expert discovery shall be completed by September 13, 2024. Except as to discovery-related matters, all law and motion, shall be completed (i.e. heard) by November 13, 2024. In all other respects, the terms of the pretrial scheduling order entered on March 20, 2023, apply.

Counsel's limited-purpose appointment will terminate at the close of non-expert discovery. Plaintiff is informed that after counsel's limited-purpose appointment terminates, plaintiff will then proceed pro se for the remainder of the case. Attorney Brian C. McComas has been selected from the court's pro bono attorney panel to represent plaintiff for this limited purpose and has agreed to be appointed for this limited purpose.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for access to evidence (ECF No. 75) is granted in part, in the manner set forth herein.

2. On the court's own motion, the pretrial scheduling order in this case dated March 20, 2023 (ECF No. 55), as modified by the court's order dated March 20, 2023 (ECF No. 71), is further modified as follows:

      a. All non-expert discovery shall be completed by July 26, 2024.

      b. The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than August 23, 2024. Any rebuttal expert disclosures shall be made by June 28, 2024. All expert discovery shall be completed by September 13, 2024.

      c. Except as to discovery-related matters, all law and motion, shall be completed (i.e. heard) by November 13, 2024.

      d. In all other respects, the terms of the pretrial scheduling order entered on March 20, 2023, remain in effect.

3. On the court's own motion, Brian C. McComas is appointed as limited purpose counsel to represent plaintiff solely for the limited purpose of propounding a single round of discovery-type requests relevant to plaintiff's Fourteenth Amendment claim which may include interrogatories, requests for production of documents, a subpoena for documents to a non-party, and/or public records request(s), and related tasks, at counsel's discretion.

4. Brian C. McComas's appointment will terminate at the close of non-expert discovery.

5. Appointed counsel shall notify Sujean Park via email at spark@caed.uscourts.gov with any questions related to the appointment.

6. The Clerk of the Court is directed to serve a copy of this order on Brian C. McComas, Law Office of B.C. McComas, 77 Van Ness Ave., Suite 101, PMB 1605, San Francisco, CA 94102.

7. The Clerk of the Court is directed to serve a copy of this order on Sujean Park, Director, ADR and Pro Bono Program.

Dated: February 2, 2024

                              CAROLYN K. DELANEY
                              UNITED STATES MAGISTRATE JUDGE

8
Ferreira21cv1208.cnsl2