UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA FERREIRA DA SILVA, | No. 2:21-cv-1208-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| HEIDI C. MORGAN | |
| Defendant. | |

Plaintiff proceeds pro se and with limited purpose appointed counsel. (See ECF No. 77.) Filing pro se, plaintiff filed a "Petition for Extension of Time to Review Deposition Transcriptions, and [for] Complete Nullification of the First Deposition." (ECF No. 88.) The court previously determined plaintiff could bring this motion pro se and instructed plaintiff to re-notice the motion under the procedure of Local Rule 230(b) with a hearing date before the undersigned. (ECF No. 89.) Plaintiff has done so. (ECF No. 92.) The court now finds this matter appropriate for decision without oral argument under Local Rule 230(g). Accordingly, the hearing date is vacated. The motion is denied.

Under the Federal Rule of Civil Procedure, on request by the deponent before the deposition has ended, the deponent may review the transcript or recording within thirty days after being notified by the officer that the transcript is available. Fed. R. Civ. Pro. 30(e)(1). Here,

plaintiff has been afforded an opportunity to review the deposition transcript. To the extent plaintiff's motion requests a further extension of time to review deposition transcript, the motion is denied. Acting sua sponte, the court already granted plaintiff an extension of time to review the deposition transcript at issue. (ECF No. 89.) No further extension is shown to be warranted.

To the extent plaintiff requests complete annulment or nullification of the first deposition, plaintiff fails to show she is entitled to such relief. Plaintiff asserts that she was not provided access to a translator as requested, but the transcript of the deposition does not support her assertion that she requested a translator. Instead, the deposition transcript indicates plaintiff did not request a translator; rather, plaintiff stated she would proceed without a translator.

Plaintiff also asserts that the deposition transcript should be nullified because many personal questions unrelated to the matter in dispute were asked. Such an assertion provides no basis for nullification of the deposition. Plaintiff has not demonstrated any violation of Federal Rule of Civil Procedure 30, and the court finds no basis for nullifying plaintiff's first deposition. See, e.g., Scott v. Chau, No. 1:19-CV-01079-KES-HBK-PC, 2024 WL 1312392, at *2 (E.D. Cal. Mar. 27, 2024) (citing collected cases denying requests to nullify or strike depositions for alleged non-compliance with Rule 30(e) and noting that even a lack of an opportunity to review a deposition transcript would not warrant nullifying the deposition).

In accordance with the above, IT IS ORDERED as follows:

1. The hearing date of 12/11/24 is VACATED.
2. Plaintiff's motion for an extension of time and to nullify the first deposition (ECF Nos. 88, 92) is DENIED.

Dated:  December 3, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, ferr21cv1208.mot.depo

2